Robert AURICH, C.R. Bruer, Jean Lamb, Jeffrey J. Riley, Kathleen Sears, Bruce Allen Thale, on behalf of themselves and as representatives of all of the Department of Defense Dependents Schools or occupants of teaching positions in the Republic of Panama, etc., and Margaret L. Acker, et al., Appellants,

v.

The UNITED STATES, Appellee.

Appeal No. 85-2563.

United States Court of Appeals, Federal Circuit.

March 18, 1986.

Frank E. Hamilton, III, Hamilton & Douglas, P.A., Tampa, Fla., argued, for appellants. With him on brief was Frank E. Hamilton, Jr.

Robert G. Giertz, Senior Trial Counsel, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for appellee. With him on brief were Richard K. Willard, Asst. Atty. Gen. and David M. Cohen, Director.

Before SMITH, Circuit Judge, BENNETT,* Senior Circuit Judge, and BISSELL, Circuit Judge.

EDWARD S. SMITH, Circuit Judge.

This is an appeal from the United States Claims Court brought by Robert Aurich, et al., and Margaret L. Acker, et al., teachers stationed in the Republic of Panama, who sought damages because the United States Government did not provide them housing or a housing allowance. The Claims Court granted summary judgment for the United

* The Honorable Marion T. Bennett assumed senior status on March 1, 1986.

States, ruling that appellants were not entitled to housing or to a housing allowance under the Overseas Teachers Pay and Personnel Practices Act (Overseas Teachers Act)[1] or under the Panama Canal Act of 1979 (Panama Canal Act).[2] We affirm.

## Issue

The issue is whether the provisions of the Overseas Teachers Act entitled teachers employed by the Department of Defense Dependents Schools, who were stationed in the Republic of Panama, to Government-furnished housing or to a housing allowance, on and after the effective date of the Panama Canal Act.

## Background

Appellants are all present or former teachers with the Department of Defense Dependents Schools (DODDS) stationed in the Republic of Panama. Prior to the implementation of the Panama Canal Treaty (treaty), the appellants worked for the Panama Canal Company/Government. After the implementation of the treaty by the Panama Canal Act, the teachers were transferred to the DODDS, a constituent agency within the Department of Defense.[3]

Appellants maintained that they are entitled to Government-furnished housing or housing allowances pursuant to the provisions of the Overseas Teachers Act and other legislation. The DODDS contested the applicability of those provisions to appellants and has not furnished either Government-furnished housing or a housing allowance to them.[4]

Appellants brought an action in the Claims Court seeking damages because the Government did not furnish them housing or a housing allowance. Following cross-motions for summary judgment, the Claims Court ruled in a bench ruling on May 15, 1985, that appellants were not entitled to any recovery because they were not "teachers" covered by the provisions of the Overseas Teachers Act.

Jurisdiction of the Claims Court was based on the Tucker Act as incorporated in the Federal Courts Improvement Act of 1982.[5]

## Analysis

■ In the Claims Court, appellants had the burden of proving that there was a statute, regulation, or contract which entitled them to Government-furnished housing or a housing allowance.[6] The Claims Court was correct in holding that appellants failed to carry this burden.

Appellants argue that they are teachers entitled to housing or to a housing allowance under the Overseas Teachers Act, 20 U.S.C. § 905.

Section 901 of 20 U.S.C. makes it clear that appellants are not "teachers" within the scope of section 905. For the purposes of 20 U.S.C. §§ 901–907, "teacher" is defined as an "individual * * * in a teaching position."[7] A "teaching position" is limited to a position in an "overseas area." "Overseas area," "for the purposes of this chapter," does not include the Canal Zone. Thus, appellants are not "teachers" for the purposes of 20 U.S.C. § 905, because the Canal Zone is not an "overseas area" for the purposes of that section.

Appellants admit that under the ordinary definition of "Canal Zone," contained in the

---

1. 20 U.S.C. §§ 901 *et seq.* (1982).

2. Panama Canal Act of 1979, Pub.L. No. 96–70, 1979 U.S.CODE CONG. & AD.NEWS (93 Stat.) 452 (codified at 22 U.S.C. §§ 3601 *et seq.* (1982)).

3. 20 U.S.C. §§ 921 *et seq.* (1982).

4. During the course of the litigation in the Claims Court, Congress passed Pub.L. No. 98–600, 98 Stat. 3145 (1984) (to be codified at 22 U.S.C. § 3657a), which amends the Panama Canal Act to allow the possibility of quarters al-

lowance for those employed in the Republic of Panama.

5. 28 U.S.C. § 1491 (1982).

6. *Id.; United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *Eastport S.S. Corp. v. United States,* 372 F.2d 1002, 1007, 178 Ct.Cl. 599 (1967).

7. 20 U.S.C. § 901 (1982).

**1128**

Panama Canal Act,[8] they would not be covered by the provisions of the Overseas Teachers Act. Appellants argue that section 3602(c) of the Panama Canal Act[9] requires that the ordinary definition of "Canal Zone" should not apply to the Overseas Teachers Act because Congress clearly could not have intended that teachers in the Canal Zone would be treated differently from "overseas teachers." We must reject appellants' argument. The Overseas Teachers Act expressly states that the "Canal Zone" is not an "overseas area" for purposes of that act, and there is no indication that Congress "clearly intended" otherwise. Thus, the Overseas Teachers Act does not apply to appellants.

■ Section 5923 of 5 U.S.C., which permits a housing allowance for United States "employees" stationed in a foreign area, is expressly made inapplicable to employees stationed in the Republic of Panama by the Panama Canal Act, 22 U.S.C. § 3657(d). There is no indication that Congress intended teachers to be treated differently from other United States employees in the Republic of Panama.

■ Appellants point to section 5912 of 5 U.S.C., which states that housing "may be furnished" to employees stationed in a foreign country "[u]nder regulations prescribed by the head of the agency concerned and approved by the President." Even if we were to assume that section 5912 is applicable to appellants, the section merely *permits* the Government to furnish housing under appropriate regulations; it does not *entitle* employees to housing. Appellants are unable to cite any regulation pursuant to section 5912 or any other regulation that authorizes the Government to furnish them housing.

*Conclusion*

Appellants have failed to demonstrate that there exists any statute, regulation, or

8. "'Canal Zone' shall be deemed to refer to the areas and installations in the Republic of Panama made available to the United States pursuant to the Panama Canal Treaty of 1977 and

contract which entitled them to Government-furnished housing or to a housing allowance. The judgment of the Claims Court that appellants were not entitled to any recovery is affirmed.

AFFIRMED.